Jonathan M. Preziosi
Michael T. Pidgeon
**PEPPER HAMILTON LLP**
(A Pennsylvania LLP)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
Ph:      609.452.0808
Fax:    609.452.1147

*Attorney for Plaintiff*
*Johanna Foods, Inc*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHANNA FOODS, INC. | : | |
| (A New Jersey Corporation) | : | **COMPLAINT FOR DECLARATORY** |
| | : | **JUDGMENT** |
| | | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO: |
| | : | |
| THE COCA-COLA COMPANY | : | |
| (a Delaware Corporation) | : | |
| | : | |
| d/b/a | : | |
| | : | |
| SIMPLY ORANGE JUICE COMPANY | : | |
| | : | |
| Defendant | : | |
| | : | |

Plaintiff Johanna Foods, Inc. ("Johanna Foods"), with its principal place of

business located at 20 Johanna Farms Road, Flemington, NJ 08822, by way of Complaint for

Declaratory Judgment against defendant The Coca-Cola Company d/b/a Simply Orange Juice

Company ("Coca-Cola"), with its principal place of business located at One Coca-Cola Plaza,

Atlanta, Georgia 30313, hereby alleges and says as follows:

## JURISDICTION AND VENUE

1. This is a complaint for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* seeking a determination that Defendant Coca-Cola does not have valid trade dress rights in certain carafe-style plastic bottles, and that Plaintiff, Johanna Foods, may use carafe-style plastic bottles in connection with the marketing and sale of its Tree Ripe® brand orange juices, and in connection with private-label bottling of juices for third others, including ALDI, Inc. ("ALDI").  Johanna Foods also seeks a determination that its bottles do not infringe any of Coca-Cola's design patents.

2. This Court has subject matter jurisdiction under Section 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. §§ 1331, 1338(b) and 1367.  In addition, as alleged more fully below, Coca-Cola is subject to the personal jurisdiction of this Court.

3. Johanna Foods is a New Jersey corporation having a principal place of business at 20 Johanna Farms Road, Flemington, NJ 08822.  Johanna Foods is a manufacturer and distributor of branded and private-label packaged food products, including quality juices, drinks, and yogurt, throughout the East Coast and Midwestern United States.  Johanna Foods employs over 550 people in New Jersey.

4. Coca-Cola is a Delaware corporation having its principal place of business at One Coca-Cola Plaza, Atlanta, Georgia 30313.  Coca-Cola regularly does business in New Jersey, including operating bottling plants in Marlton, North Brunswick, Neptune, Carlstadt, Marmora, Upper Township, Parsippany, and Bordentown, NJ.

5. On information and belief, Coca-Cola does business as The Simply Orange Juice Company to manufacture, market, sell, and distribute, *inter alia*, its Simply Orange® brand juice products.

6.      On information and belief, Coca-Cola is engaged in the manufacture, sale, and distribution of Simply Orange® brand juices nationwide, including substantial sales from grocery stores in New Jersey.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because Coca-Cola is subject to personal jurisdiction in this District and/or a substantial portion of the events giving rise to the claim alleged herein occurred within this District.  For example, the Johanna Foods products in question are packed and distributed at Johanna Foods' Flemington, New Jersey plant.

## BACKGROUND

8.      Coca-Cola bottles, markets, and distributes the Simply Orange® line of juice products.  These products include a 1.75L carafe-style bottle.  A picture of an exemplary bottle of Simply Orange® brand juice is shown in Exhibit A.

9.      Coca-Cola is the assignee of the following U.S. design patents ("the Coca-Cola Patents"):

> D437,226 (a true and accurate copy of which is attached hereto as Exhibit B);
> D442,089 (a true and accurate copy of which is attached hereto as Exhibit C);
> D449,530 (a true and accurate copy of which is attached hereto as Exhibit D);
> D456,272 (a true and accurate copy of which is attached hereto as Exhibit E);
> D457,437 (a true and accurate copy of which is attached hereto as Exhibit F);
> D458,146 (a true and accurate copy of which is attached hereto as Exhibit G);
> D458,147 (a true and accurate copy of which is attached hereto as Exhibit H).

10.     Johanna Foods currently packages refrigerated orange juice under the Nature's Nectar® label for ALDI supermarkets.  Nature's Nectar® is a house brand of ALDI, which has been sold since 1977.  Particularly, Johanna Foods packages orange juice in a 1.75L bottle with an E Z Pour Wide Mouth™ cap for resale in ALDI supermarkets. An example of the Nature's Nectar bottle in question ("Nature's Nectar Bottle") is shown in Exhibit I.  These products are available exclusively at ALDI supermarkets, including ALDI supermarkets in New

Jersey.  ALDI supermarkets carry almost exclusively house brand goods and do not carry Coca-Cola's Simply Orange® products.

11.     Johanna Foods has invested considerable resources and goodwill in its relationship with ALDI and in the ongoing manufacture and distribution of the Nature's Nectar Bottle.  Johanna Foods has a reasonable expectation that it will continue to manufacture and distribute orange juice to ALDI in the Nature's Nectar Bottle.

12.     Johanna Foods has also taken, and has committed to continue taking, meaningful preparation steps to offer its own Tree Ripe® brand juices in a plastic bottle ("Tree Ripe Bottle") substantially similar to the 1.75L bottle with an E Z Pour Wide Mouth™ cap used in the Nature's Nectar Bottle.  Johanna Foods has sold Tree Ripe® brand juices in other containers since at least September 1989.  Juice in the Tree Ripe Bottle will be available in grocery stores located throughout the United States including the stores in New Jersey.  A photograph of a Tree Ripe Bottle is attached hereto as Exhibit J.

13.     Johanna Foods patented the designs of the Nature's Nectar Bottle and the Tree Ripe Bottle.  These bottles are covered by US Patents D526,209 and/or D526,210.  True and accurate copies of these patents are attached as Exhibits K and L, respectively.

14.     On or about December 3, 2009, counsel for Coca-Cola sent a letter to Johanna Foods "regarding the carafe shaped container design that Johanna Foods previously supplied and/or licensed to Silver Springs Citrus and Resilux for retail use."  The letter noted that Coca-Cola "filed suit to protect its intellectual property rights and Resilux, Silvers Springs and Uncle Matt's each agreed to cease use of the accused design in settlement of the action."  Coca-Cola further warned "[t]o the extent Johanna Foods has offered or intends to offer the above referenced carafe design (or anything substantially similar) to other companies, please consider

-4-

this letter *formal notice* of our client's Simply trade dress and design patent rights," (emphasis

added).   To cement its "formal notice," Coca-Cola identified each of the Coca-Cola Patents listed

in paragraph 9 above and Coca-Cola's allegedly "unique and highly distinctive" trade dress.  A

true and accurate copy of the December 3, 2009 letter from Coca-Cola is attached as Exhibit M.

15.      While Johanna did not, at the time, sell a product using the "accused

design," the shape and construction of the "accused design" is substantially similar to the shape

of the current 1.75L bottle with an E Z Pour Wide Mouth™ cap used in the Nature's Nectar

Bottle and the Tree Ripe Bottle.  The labels on the Nature's Nectar Bottle and the Tree Ripe

Bottle, however are different from one another, as well as different from the label on the Simply

Orange Bottle.

16.      On or about August 31, 2010, counsel for Coca-Cola sent a letter to ALDI,

Johanna Food's customer, "regarding [Coca-Cola's] concerns with the 59 oz. [i.e., 1.75L] carafe-

shaped container used by ALDI for its Nature's Nectar 100% Pure Orange Juice."  Coca-Cola

stated to ALDI its belief that  the Simply Orange Bottle design "enjoys substantial recognition

among consumers and, therefore, serves as an indicator of origin, entitling it to legal protection

under federal and state trademark laws."  This belief is erroneous.  The letter also stated that the

Simply Orange Bottle design is covered by the Coca-Cola Patents listed in paragraph 9.  Finally,

the letter warned that "[t]he carafe shaped container shown in the enclosed photograph [i.e., the

Nature's Nectar Bottle] is the same carafe design that was the subject of previous successful

efforts by [Coca-Cola] to protect its intellectual property rights against Uncle Matt's Organic,

Silver Springs Citrus, and Resilux America, all of whom have redesigned their carafes."  A true

and accurate copy of the August 31, 2010 from Coca-Cola is attached as Exhibit N.

17.     In fact, the Coca-Cola's purported "previous successful efforts," referred to in paragraph 16 above, never resulted in adjudication on the merits against Uncle Matt's, Silver Springs Citrus, Resilux America, or anyone else.  Rather, on information and belief, these disputes resulted in confidential, out-of-court settlements.

18.     On or about September 16, 2010, counsel for Coca-Cola sent a letter to counsel for Johanna Foods reiterating the history of the dispute between the companies, again citing Coca-Cola's previous enforcement efforts against a similar bottle from Uncle Matt's, Silver Springs Citrus, and Resilux America.  The September 16, 2010 later further stated:

> "Johanna's decision to supply ALDI with, and launch Tree Ripe in, the Johanna Carafe is troubling to say the least. Johanna's actions certainly amount to intentional, knowing and willful behavior. We trust that ALDI will agree to cease use of the Johanna Carafe and transition to a different, non-objectionable container, and that Johanna will not interfere with ALDI's decision through threats and intimidation. We also demand that Johanna cease all use of the Johanna Carafe, including for its Tree Ripe brand. *If Johanna refuses to cooperate, [Coca-Cola] will have no choice but to file suit, and will seek, in addition to injunctive relief, disgorgement of profits, treble damages, attorneys' fees and costs for Johanna's willful infringement of the Simply trade dress and applicable design patents.*"  (emphasis added)

A true and accurate copy of the September 16, 2010 from Coca-Cola is attached as Exhibit O.

19.     As a direct and proximate cause of defendant's threats of litigation, Johanna Foods stands to suffer significant harm to its business relationship with ALDI in the form of lost good will and potentially lost business.  Johanna Foods also stands to suffer harm in the form of lost profits associated with delayed delivery of its products packaged in its Tree Ripe Bottles.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT
### UNDER 28 U.S.C. §§ 2201 *et seq.*

20.     Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

21.     As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that Coca-Cola does not have valid trade dress rights in carafe-style juice bottles.  Johanna Foods further states that its use of carafe-style juice bottles that includes the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J, respectively, does not constitute trade dress infringement, false designation of origin, or unfair competition under Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125, or at common law.

22.     The carafe-style plastic bottle shown in Exhibit A is functional in all but certain decorative respects, and cannot therefore be inherently distinctive.  The Simply Orange Bottle has not acquired secondary meaning at this or any other time.   Accordingly, Coca-Cola does not have valid, legally-protected trade dress rights in any aspect of the carafe-style bottle shown in Exhibit A that can be found in the carafe-style bottles shown in Exhibits I and J.

23.     Consumers are not likely to be confused with respect to the source, origin and/or sponsorship of the respective products of the parties shown in Exhibits A, I and J, because of, *inter alia*, the differences in the overall appearance and commercial impressions of these products; the differences in the marketing channels through which these products are sold; the differences in price between these products; the obvious differences in appearance between Exhibit A and Johanna Foods' bottles; the prominent display of ALDI's Nature's Nectar trademark and Johanna Foods' Tree Ripe trademark on each respective bottle and the display of the Simply Orange trademark on products sold by Coca-Cola; and the absence of any evidence of

actual confusion in the marketplace.  Furthermore, the distinctive and patented features of Johanna Foods' bottles effectively avoid any actionable likelihood of confusion with the bottles of Exhibit A.

24.     The shape of the Simply Orange Bottle shown in Exhibit A is neither unique or unusual.   To the extent that the shape of the Simply Orange Bottle shown in Exhibit A is similar to that of the Johanna Foods bottles, shown in Exhibits I and J,  this is the result of aesthetic functionality.  That is, protecting the overall shape of the bottle would impose a significant non-reputation-related competitive disadvantage on Johanna Foods and its customers, like ALDI.

25.     In any event, there is a large degree of dissimilarity between the Simply Orange Bottles in Exhibit A and the Tree Ripe Bottle and/or the Nature's Nectar Bottle shown in Exhibits I and J.  The dissimilarities show a lack of any cognizable association or intent to create an association with the Simply Orange Bottles.

26.     The shape of the Simply Orange Bottle shown in Exhibit A is does not enjoy a famous reputation.   Moreover, nothing in the Tree Ripe Bottle and/or the Nature's Nectar Bottle shown in Exhibits I and J harms, or otherwise adversely affects in any way, the reputation of the Simply Orange Bottle.  As such, the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J do not and cannot result in dilution of Coca-Cola's alleged trade dress.

27.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for trade dress infringement if Johanna Foods, as it presently intends to do, commences or continues the advertising, manufacturing, distribution and sale of orange juice products shown in Exhibits I and J.  On

information and belief, Johanna Foods believes that any such claim for trade dress infringement

asserted by Coca-Cola would allege violation of Section 43(a) of the Federal Trademark Act, 15

U.S.C. § 1125, and related common law principles.

28.    An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et*

*seq.* and justifies Johanna Foods' request for a declaratory judgment.

29.    Accordingly, Johanna Foods is entitled to a declaratory judgment that

Coca-Cola does not have valid trade dress rights or any other proprietary rights in the Simply

Orange Bottle that have been infringed and that the advertising, manufacture, distribution and

sale of products in the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and

J does not infringe any alleged rights enjoyed by Coca-Cola under Section 43(a) of the Federal

Trademark Act, 15 U.S.C. § 1125, and/or at common law.

WHEREFORE, Johanna Foods respectfully prays that:

(1)    The Court enter a declaratory judgment that: (a) Coca-Cola has no valid,

enforceable trade dress rights or any other proprietary rights in a carafe-style, plastic bottle; (b)

Johanna's use of the product configurations shown in Exhibits I and J is not likely to cause

confusion and thus has not infringed and will not infringe any valid trade dress or other rights

allegedly owned by Coca-Cola; and (c) Johanna's use of the product configurations shown in

Exhibits I and J do not dilute any famous mark owned by Coca-Cola.

(2)    In accordance with Section 35(a) of the Federal Trademark Act, 15 U.S.C.

§ 1117(a), Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna

Foods' reasonable attorneys' fees.

(3)    Johanna Foods be granted such other non-monetary relief as this Court

deems necessary and proper.

## SECOND CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO INFRINGEMENT
### OF U.S. PATENT D437,226
### UNDER 28 U.S.C. §§ 2201 *et seq.*

30.     Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

31.     As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J do not infringe any the claims of U.S. Patent D437,226, which is assigned to Coca-Cola.

32.     An ordinary observer would not believe that the Tree Ripe Bottle and/or its Nature's Nectar Bottle are same as the patented design in U.S. Patent D437,226.  Rather, an ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its Nature's Nectar Bottle and the patented design in U.S. Patent D437,226.  Therefore, Johanna Foods does not infringe U.S. Patent D437,226 directly or indirectly under 35 U.S.C. § 271.

33.     Coca-Cola has not suffered any harm related to U.S. Patent D437,226, arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle. In part, Coca-Cola suffers no harm because U.S. Patent D437,226 does not cover the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

34.     Johanna Foods has a reasonable belief that its bottles, which are patented by Johanna Foods, are different from the patented design in U.S. Patent D437,226.  Therefore, Johanna Foods does not willfully infringe US Patent D437,226 under 35 U.S.C. § 284 or § 285.

35.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D437,226 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture,

promote, distribute and sell orange juice bottles shown in Exhibits I and J.  On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

36.     An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

37.     Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D437,226 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)     The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D437,226.

(2)     In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

(3)     Johanna Foods be granted such other non-monetary relief as this Court deems necessary and proper.

**THIRD CAUSE OF ACTION**

**DECLARATORY JUDGMENT OF NO INFRINGEMENT
OF U.S. PATENT D442,089
UNDER 28 U.S.C. §§ 2201 *et seq.***

38.     Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

39.     As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J do not infringe any the claims of U.S. Patent D442,089, which is assigned to Coca-Cola.

40.     An ordinary observer would not believe that the Tree Ripe Bottle and/or its Nature's Nectar Bottle are same as the patented design in U.S. Patent D442,089.  Rather, an ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its Nature's Nectar Bottle and the patented design in U.S. Patent D442,089.  Therefore, Johanna Foods does not infringe U.S. Patent D442,089 directly or indirectly under 35 U.S.C. § 271.

41.     Coca-Cola has not suffered any harm related to U.S. Patent D442,089, arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.  In part, Coca-Cola suffer no harm because U.S. Patent D442,089 does not cover the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

42.     Johanna Foods has a reasonable belief that its bottles, which are patented by Johanna Foods, are different from the patented design in U.S. Patent D442,089.  Therefore, Johanna Foods does not willfully infringe US Patent D442,089 under 35 U.S.C. § 284 or § 285.

43.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D442,089 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture, promote, distribute and sell orange juice bottles shown in Exhibits I and J.  On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

44.     An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

45.     Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar

Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D442,089 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)    The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D442,089.

(2)    In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

(3)    Johanna Foods be granted such other non-monetary relief as this Court deems necessary and proper.

## FOURTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO INFRINGEMENT
### OF U.S. PATENT D449,530
### UNDER 28 U.S.C. §§ 2201 *et seq.*

46.    Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

47.    As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J do not infringe any the claims of U.S. Patent D449,530, which is assigned to Coca-Cola.

48.    An ordinary observer would not believe that the Tree Ripe Bottle and/or its Nature's Nectar Bottle are same as the patented design in U.S. Patent D449,530.  Rather, an ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its Nature's Nectar Bottle and the patented design in U.S. Patent D449,530.  Therefore, Johanna Foods does not infringe U.S. Patent D449,530 directly or indirectly under 35 U.S.C. § 271.

49.    Coca-Cola has not suffered any harm related to U.S. Patent D449,530, arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

In part, Coca-Cola suffer no harm because U.S. Patent D449,530 does not cover the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

50.     Johanna Foods has a reasonable belief that its bottles, which are patented by Johanna Foods, are different from the patented design in U.S. Patent D449,530. Therefore, Johanna Foods does not willfully infringe US Patent D449,530 under 35 U.S.C. § 284 or § 285.

51.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D449,530 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture, promote, distribute and sell orange juice bottles shown in Exhibits I and J. On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

52.     An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

53.     Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D449,530 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)     The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D449,530.

(2)     In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

-14-

(3)      Johanna Foods be granted such other non-monetary relief as this Court

deems necessary and proper.

## FIFTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO INFRINGEMENT
### OF U.S. PATENT D456,272
### UNDER 28 U.S.C. §§ 2201 *et seq.*

54.      Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

55.      As a cause of action and ground for relief, Johanna Foods asserts that it is

entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle

shown in Exhibits I and J do not infringe any the claims of U.S. Patent D456,272, which is

assigned to Coca-Cola.

56.      An ordinary observer would not believe that the Tree Ripe Bottle and/or

its Nature's Nectar Bottle are same as the patented design in U.S. Patent D456,272.  Rather, an

ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its

Nature's Nectar Bottle and the patented design in U.S. Patent D456,272.  Therefore, Johanna

Foods does not infringe U.S. Patent D456,272 directly or indirectly under 35 U.S.C. § 271.

57.      Coca-Cola has not suffered any harm related to U.S. Patent D456,272,

arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

In part, Coca-Cola suffer no harm because U.S. Patent D456,272  does not cover the design of the

Tree Ripe Bottle and/or its Nature's Nectar Bottle.

58.      Johanna Foods has a reasonable belief that its bottles, which are patented

by Johanna Foods, are different from the patented design in U.S. Patent D456,272.  Therefore,

Johanna Foods does not willfully infringe US Patent D456,272 under 35 U.S.C. § 284 or § 285.

59.      As a result of the December 3, 2009 letter (Exhibit M), the August 31,

2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a

genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D456,272 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture, promote, distribute and sell orange juice bottles shown in Exhibits I and J.  On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

60.    An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

61.    Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D456,272 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)    The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D456,272.

(2)    In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

(3)    Johanna Foods be granted such other non-monetary relief as this Court deems necessary and proper.

## SIXTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT D457,437 UNDER 28 U.S.C. §§ 2201 *et seq.*

62.    Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

63.    As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle

shown in Exhibits I and J do not infringe any the claims of U.S. Patent D457,437, which is assigned to Coca-Cola.

64.     An ordinary observer would not believe that the Tree Ripe Bottle and/or its Nature's Nectar Bottle are same as the patented design in U.S. Patent D457,437.  Rather, an ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its Nature's Nectar Bottle and the patented design in U.S. Patent D457,437.  Therefore, Johanna Foods does not infringe U.S. Patent D457,437 directly or indirectly under 35 U.S.C. § 271.

65.     Coca-Cola has not suffered any harm related to U.S. Patent D457,437, arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle. In part, Coca-Cola suffer no harm because U.S. Patent D457,437 does not cover the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

66.     Johanna Foods has a reasonable belief that its bottles, which are patented by Johanna Foods, are different from the patented design in U.S. Patent D457,437.  Therefore, Johanna Foods does not willfully infringe US Patent D457,437 under 35 U.S.C. § 284 or § 285.

67.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D457,437 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture, promote, distribute and sell orange juice bottles shown in Exhibits I and J.  On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

68.     An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

-17-

69.     Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D457,437 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)     The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D457,437.

(2)     In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

(3)     Johanna Foods be granted such other non-monetary relief as this Court deems necessary and proper.

## SEVENTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO INFRINGEMENT
### OF U.S. PATENT D458,146
### UNDER 28 U.S.C. §§ 2201 *et seq.*

70.     Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

71.     As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J do not infringe any the claims of U.S. Patent D458,146, which is assigned to Coca-Cola.

72.     An ordinary observer would not believe that the Tree Ripe Bottle and/or its Nature's Nectar Bottle are same as the patented design in U.S. Patent D458,146.  Rather, an ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its Nature's Nectar Bottle and the patented design in U.S. Patent D458,146.  Therefore, Johanna Foods does not infringe U.S. Patent D458,146 directly or indirectly under 35 U.S.C. § 271.

73.     Coca-Cola has not suffered any harm related to U.S. Patent D458,146, arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle. In part, Coca-Cola suffer no harm because U.S. Patent D458,146 does not cover the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

74.     Johanna Foods has a reasonable belief that its bottles, which are patented by Johanna Foods, are different from the patented design in U.S. Patent D458,146.  Therefore, Johanna Foods does not willfully infringe US Patent D458,146 under 35 U.S.C. § 284 or § 285.

75.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D458,146 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture, promote, distribute and sell orange juice bottles shown in Exhibits I and J.  On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

76.     An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

77.     Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D458,146 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)     The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D458,146.

(2)    In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

(3)    Johanna Foods be granted such other non-monetary relief as this Court deems necessary and proper.

### EIGHTH CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NO INFRINGEMENT OF U.S. PATENT D458,147 UNDER 28 U.S.C. §§ 2201 *et seq.*

78.    Johanna Foods hereby incorporates by reference paragraphs 1-19 above.

79.    As a cause of action and ground for relief, Johanna Foods asserts that it is entitled to a declaratory judgment that the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J do not infringe any the claims of U.S. Patent D458,147, which is assigned to Coca-Cola.

80.    An ordinary observer would not believe that the Tree Ripe Bottle and/or its Nature's Nectar Bottle are same as the patented design in U.S. Patent D458,147.  Rather, an ordinary observer would notice the substantial differences between the Tree Ripe Bottle and/or its Nature's Nectar Bottle and the patented design in U.S. Patent D458,147.  Therefore, Johanna Foods does not infringe U.S. Patent D458,147 directly or indirectly under 35 U.S.C. § 271.

81.    Coca-Cola has not suffered any harm related to U.S. Patent D458,147, arising from Johanna's use of the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle. In part, Coca-Cola suffer no harm because U.S. Patent D458,147 does not cover the design of the Tree Ripe Bottle and/or its Nature's Nectar Bottle.

82.    Johanna Foods has a reasonable belief that its bottles, which are patented by Johanna Foods, are different from the patented design in U.S. Patent D458,147.  Therefore, Johanna Foods does not willfully infringe US Patent D458,147 under 35 U.S.C. § 284 or § 285.

83.     As a result of the December 3, 2009 letter (Exhibit M), the August 31, 2010 letter (Exhibit N), and the September 16, 2010 letter (Exhibit O), Johanna Foods has a genuine and reasonable apprehension that Coca-Cola will file suit for infringement of U.S. Patent D458,147 if Johanna Foods, as it presently intends to do, continues to advertise, manufacture, promote, distribute and sell orange juice bottles shown in Exhibits I and J.  On information and belief, Johanna Foods believes that any such claim for patent infringement asserted by the Coca-Cola would be based on an alleged violation of 35 U.S.C. §§271 *et seq.*

84.     An actual controversy exists within the meaning of 28 U.S.C. §§ 2201 *et seq.* and justifies Johanna Foods' request for a declaratory judgment.

85.     Accordingly, Johanna Foods is entitled to a declaratory judgment that the advertising, marketing, distribution and sale of the Tree Ripe Bottle and/or its Nature's Nectar Bottle shown in Exhibits I and J does not infringe any alleged rights under U.S. Patent D458,147 and 35 U.S.C. §§271 *et seq.*

WHEREFORE, Johanna Foods respectfully prays that:

(1)     The Court enter a declaratory judgment that Johanna's use of the product configurations shown in Exhibits I and J do not infringe U.S. Patent D458,147.

(2)     In accordance with 35 U.S.C. § 284 Coca-Cola be required to pay to Johanna Foods the costs of this action and Johanna Foods' reasonable attorneys' fees.

(3)     Johanna Foods be granted such other non-monetary relief as this Court deems necessary and proper.

   /s/ Michael T. Pidgeon
Jonathan M. Preziosi
Michael T. Pidgeon
**PEPPER HAMILTON LLP**
(A Pennsylvania LLP)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
Ph:    609.452.0808
Fax:   609.452.1147

*Attorney for Plaintiff*
*Johanna Foods, Inc.*

Dated:  September 21, 2010

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other action or proceeding in any court or of a pending arbitration proceeding.  Johanna Foods does not anticipate commencing a related arbitration proceeding.  I do not currently know of any other parties who should be joined in this action.


   /s/ Michael T. Pidgeon
Jonathan M. Preziosi
Michael T. Pidgeon
**PEPPER HAMILTON LLP**
(A Pennsylvania LLP)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
Ph:     609.452.0808
Fax:    609.452.1147

*Attorney for Plaintiff*
*Johanna Foods, Inc.*

Dated:  September 21, 2010

**CERTIFICATION OF INELIGIBILITY FOR COMPULSORY ARBITRATION
PURSUANT TO L.CIV.R. 201.1**

The matter in controversy is ineligible for compulsory arbitration because

Johanna Foods seeks declaratory judgment and is not seeking monetary relief.


   /s/ Michael T. Pidgeon

Jonathan M. Preziosi
Michael T. Pidgeon
**PEPPER HAMILTON LLP**
(A Pennsylvania LLP)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
Ph:      609.452.0808
Fax:    609.452.1147

*Attorney for Plaintiff*
*Johanna Foods, Inc.*

Dated:  September 21, 2010

## RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, plaintiff Johanna

Foods, Inc. is a privately held corporation.   No publicly held corporation currently owns 10% or

more of the outstanding shares of Johanna Foods, Inc.


       /s/ Michael T. Pidgeon
Jonathan M. Preziosi
Michael T. Pidgeon
**PEPPER HAMILTON LLP**
(A Pennsylvania LLP)
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
Ph:     609.452.0808
Fax:    609.452.1147

*Attorney for Plaintiff*
*Johanna Foods, Inc.*

Dated:  September 21, 2010