NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNA FOODS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE COCA-COLA COMPANY, : <br> doing business as SIMPLY : <br> ORANGE JUICE COMPANY, : <br> : <br> : <br> Defendant. : <br> : | Civil Action No. 10-04844 (JAP) <br><br> **OPINION** |

PISANO, District Judge.

Presently before the Court are the following motions: (1) a motion to dismiss or transfer by defendant The Coca-Cola Company, doing business as Simply Orange Juice Company ("Defendant"), and (2) a motion to enjoin prosecution of an action pending in the United States District Court for the Northern District of Georgia by plaintiff Joanna Foods, Inc. ("Plaintiff"). The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has carefully considered the submissions of the parties and, for the reasons below, Plaintiff's motion to enjoin prosecution of an action pending the United States District Court for the Northern District of Georgia shall be denied, Defendant's motion to dismiss shall be denied and Defendant's motion to transfer shall be granted.

1

**I.**     **Factual and Procedural History**

Plaintiff filed this declaratory judgment action on September 21, 2010, seeking a declaration that the design of a 1.75 liter plastic bottle Plaintiff uses in connection with its business (the "Joanna Bottle") does not infringe any valid patent or trade dress rights of Defendant.  Three days later, Defendant filed an action in the United States District Court for the Northern District of Georgia, alleging infringement of its patent and trade dress rights based on the design of the Joanna Bottle (the "Georgia Action").

The following facts are undisputed.  Plaintiff is a New Jersey corporation engaged in the business of manufacturing and distributing juice products for its customers.  Plaintiff designed and uses the Joanna Bottle in connection with its own Tree Ripe® brand juices and the Nature's Nectar® brand juices by Aldi, Inc. ("Aldi").  Defendant is a Georgia-based corporation that manufactures, markets, sells and distributes a variety of juice products, including the Simply Orange® brand orange juice, which is packaged in a 59 oz. carafe-style, plastic container.  Defendant's bottle design has been awarded several United States Design Patents, including United States Patent No. D456,272 S and No. D458,146 S (the "TCCC Patents").

On December 3, 2009, Defendant sent Plaintiff a letter regarding the Joanna Bottle, notifying Plaintiff of the TCCC Patents and informing Plaintiff that it objected to the use of the Joanna Bottle.  Defendant asked Plaintiff to confirm whether it was using the Joanna Bottle in commerce or supplying the Joanna Bottle to any third parties.  On December 9, 2009, Plaintiff responded by letter, denying that it was using the Joanna Bottle and expressing disagreement with Defendant that the Joanna Bottle infringed the TCCC Patents.   On February 19, 2010, Defendant sent Plaintiff another letter, contesting Plaintiff's legal arguments and requesting that Plaintiff clarify whether it was supplying or licensing the Joanna Bottle to any third parties.

On or before July 7, 2010, Aldi began selling its Nature's Nectar® brand juices in the Joanna Bottle.  On August 31, 2010, Defendant sent Aldi a letter, informing Aldi of the TCCC Patents, asking the identity of the manufacturer of the bottle and inquiring whether Aldi would be open to using a different bottle.  On September 9, 2010, Plaintiff contacted Defendant to confirm that Plaintiff was the source of the Aldi's Nature's Nectar® bottle and to deny any infringement on the TCCC Patents.  On or around September 10, 2010, Defendant spoke with Aldi's counsel regarding Aldi's use of the Joanna Bottle and indicated that it would not take legal action so long as the parties were having constructive settlement discussions.

On or around September 17, 2010, Defendant contacted Plaintiff, restating its position that the Joanna Bottle infringed the TCCC Patents, demanding that Plaintiff cease from any further use of the Joanna Bottle and indicating that Defendant would sue Plaintiff if it continued use of the Joanna Bottle.  On September 20, 2010, Plaintiff's counsel initiated a phone conversation with Defendant's counsel to explore a potential resolution to the parties' dispute. During this conversation, Defendant's counsel stated that it would file a lawsuit if Plaintiff did not change the design of the Joanna Bottle.  Plaintiff's counsel indicated that it would discuss Defendant's position with Plaintiff.  On September 21, 2010, Plaintiff's counsel advised Defendant's counsel that his client would not change the design of the Joanna Bottle.  That same day, Plaintiff filed this declaratory judgment action in this court.   Defendant filed the Georgia Action three days later.

Plaintiff filed a motion to enjoin prosecution of the Georgia Action, asking this Court to apply the first-filed rule and enjoin Defendant from prosecuting its second-filed action. [docket entry no. 7].  Defendant filed a motion to dismiss or transfer based on the theory that this action

represents an improper anticipatory lawsuit and that such a lawsuit runs counter to the purpose of the Declaratory Judgment Act.  [docket entry no. 8].

## II.     Discussion

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleadings, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The purpose of the Declaratory Judgment Act "is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights."  *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (citing *Goodyear Tire & Rubber Co. v. Releasomers, Inc.,* 824 F.2d 953, 956 (Fed. Cir. 1987)).  Even when jurisdiction is present, district courts retain some measure of discretion to decline to hear the case.  *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).  A district court, when deciding whether to exercise its discretion, should decide whether hearing the case would "serve the objectives for which the Declaratory Judgment Act was created."  *Capo, Inc. v. Dioptics Med. Prods., Inc.,* 387 F.3d 1352, 1355 (Fed. Cir. 2004) (quotations omitted).

While jurisdiction under the Declaratory Judgment Act is discretionary, courts faced with a first-filed declaratory judgment suit should adhere to the first-filed rule, unless there are "circumstances making it unjust or inefficient to permit [the] first-filed action to proceed to judgment."  *Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) (quotations omitted).  "There must … be sound reason that would make it unjust or inefficient to continue the first-filed action.  Such reason may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation

4

with related litigation, or considerations relating to the real party in interest." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) *overruled on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995). Another factor in the analysis involves the consideration of a "party's intention to preempt another's infringement suit." *Micron*, 518 F.3d at 904.

When a district court is called upon to make a jurisdictional decision about a declaratory judgment action, with an infringement action filed in another forum, that district court should not reach its decision based on any categorical rules. *Id*. at 902. Rather, "[t]he trial court … must consider the real underlying dispute: the convenience and suitability of competing forums." *Id.* at 904. Therefore, "instead of … automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a)." *Id.*

The Court must determine if the Northern District of Georgia is the more appropriate and convenient forum to hear this matter using the Section 1404(a) convenience factors. Although emphasizing that "there is no definitive formula or list of factors to consider," the Third Circuit has set forth a variety of private and public interests for the Court to consider in determining whether to transfer this case under Section 1404(a). *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). The private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the extent that they may be unavailable for trial in one of the fora; and (6) the location of sources of proof such as books and records to the extent that the records could not be produced in the alternative forum.[1] *See, e.g., id*. The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations

---

[1] In later decisions, courts have noted that given the state of technology and electronic discovery, it is unlikely that parties would be unable to produce documents in an alternative forum. *See, e.g., ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 571 (D. Del. 2001).

5

that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *See, e.g., id.*

In considering all of the above factors, the Court finds that the relevant interests weigh in favor of transferring this case to the Northern District of Georgia.  As an initial matter, the Court notes that several of the Section 1404(a) convenience factors are neutral under these facts.  For example, the parties have not identified a concern over congestion in either of the courts, nor have they pointed to any possible issues with the enforceability of a judgment rendered in either court.  This is not a case involving a local dispute that might be best decided at home, nor is one court significantly more convenient for one of the parties.  Neither party has identified any practical considerations that could make the trial easy, expeditious or inexpensive in either court.

Although Plaintiff correctly argues that substantial deference is typically given to Plaintiff's choice of forum, the Court affords less deference to Plaintiff's forum choice in this case for several reasons.  Most significantly, the Court finds that Plaintiff did indeed engage in a race to the courthouse. On September 20, 2010, Defendant advised Plaintiff that it would file a patent infringement action against Plaintiff unless it agreed to change the design of the Joanna Bottle.  The next day, Plaintiff informed Defendant that it would not change the design of the Joanna Bottle.  Instead of waiting for Defendant to file its patent infringement action in the Northern District of Georgia, as discussed the day before, Plaintiff filed this declaratory judgment action.  *See E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) (plaintiff filing action a few weeks after receipt of letter from defendant suggesting intent to sue was anticipatory); *Jermax, Inc. v. AK Steel Corp.*, 2010 U.S. Dist. LEXIS 63372 (D.N.J. June 24,

2010) (plaintiff filing action a week after receiving a letter from defendant demanding compliance was anticipatory); *Auto. Serv. Ass'n of N.J., Inc. v. Rockland Exposition, Inc.*, 2008 U.S. Dist. LEXIS 104212 (D.N.J. Dec. 12, 2008) (first-filed plaintiff filing action in response to receiving letter from first-filed defendant expressing intention to sue was anticipatory). The fact that Defendant filed its patent infringement action three days after the declaratory judgment action was filed also demonstrates the anticipatory nature of the declaratory judgment action. *See One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317 (D.N.J. 1997) (finding that near simultaneous filing of declaratory judgment action and patent infringement action indicates that declaratory judgment action does not "spring from circumstances … contemplated by the Declaratory Judgment Act"). Given these facts, the Court finds that Plaintiff's forum choice is entitled to deference in this case.

Other Section 1404 convenience factors weigh in favor of transferring this action to the Northern District of Georgia. The public factors weigh strongly in favor of transfer. Most importantly, Defendant filed a substantially similar case in the Northern District of Georgia. This Court has noted that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money." *CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc.*, 309 F. Supp. 2d 637, 651 (D.N.J. 2004) (citations omitted). While this action and the Georgia Action are not identical in every respect, the lawsuits involve the same set of facts and seek to resolve the same legal issue. "Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals." *Liggett Group Inc. v. R.J. Reynolds Tobacco Co.* 102 F. Supp. 2d 518, 537 (D.N.J. 2000) (citations omitted). The Court also notes that Aldi is not listed as a defendant in this

action but is included as a Defendant in the Georgia Action. The Third Circuit Court of Appeals has interpreted the "first-filed" rule narrowly, holding that it only applies to "truly duplicative" proceedings. *Martin v. Townsend,* 1990 U.S. Dist. LEXIS 13955 (D.N.J. Oct. 15, 1990); *see also Compl. of Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 40 (3d Cir. 1980) ("It is important to note, however, that only truly duplicative proceedings be avoided"). The fact that Aldi is not a party to this action weighs against applying the first-filed rule and, instead, in favor of transferring this action to the Northern District of Georgia. Finally, the Court notes that the complaint in the Georgia Action lists three Georgia state-law causes of action. It is in the interests of justice to try a case in the federal court most familiar with the governing law. *Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc.*, 2010 U.S. Dist. LEXIS 18535 (D.N.J. Mar. 1, 2010). The fact that this action will involve Georgia state-law weighs in favor of transferring this action to the Northern District of Georgia.

Both parties argue that their preferred forum is more convenient for potential witnesses. All of Defendant's corporate witnesses are located in Georgia, but all of Plaintiff's corporate witnesses are located in New Jersey. While the Court finds that both parties are equally capable of taking discovery from the witnesses in either forum, Defendant has identified several third party witnesses located in Georgia and, therefore, the convenience of the witnesses in this action weighs slightly in favor of transferring this action to the Northern District of Georgia.

While this Court recognizes that the general rule favors the forum of the first-filed action, given the anticipatory nature of this action, the possibility of it being consolidated with the Georgia Action, the fact that Georgia state-law must be construed in the action and the convenience of the witnesses, the Court finds that it would be unjust and inefficient to permit this

action to proceed in this Court and, instead, orders that this action be transferred to the Northern District of Georgia.

### IV.     Conclusion

For the reasons set forth above, Plaintiff's motion to enjoin prosecution of the Georgia Action is denied, Defendant's motion to dismiss is denied and Defendant's motion to transfer is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: November 15, 2010